Come on up. Case number three this morning is number 22-11302, Steve Ludwig v. DB USA Core Corporation Okay, Mr. Cornell, whenever you're ready. I'm very pleased to court where Cornell, on behalf of Mr. Ludwig, Judge, we have a case where nobody was rude to anybody, which I guess would be different from some of the other issues that you've had to consider today, but we have had a case where the District Judge, Judge Howard of this court, basically denied a claim of discovery and the right to proceed. The argument that the defense has presented is that the second amended complaint is conclusive. This is a 17-page document and it addresses what the district court and her order on the report and recommendation and the exceptions which were filed by the defense, the affilee here, were not considered below. Now oddly enough, the issue that her order, granting in part as to one particular conclusion of the report and recommendation was that the Erie case and the Kearns case, which is the big issue in Florida whistleblower act law, was either dicta or that the court had before it a potential case where it could decide, this court had before it a potential case where it could decide this issue. She did not say that there was a problem with the plausibility and the conclusions that were now called conclusory. What she talked about was the fact that we had said we could assert specific laws, rules and regulations outside the context of FINRA. The FINRA regulations, some courts, this court has not, but some courts have said that those are laws, rules and regulations because the Congress authorized FINRA to pass certain regulations of the securities industry. Judge, that wasn't the basis for the district court's dismissal. No, it was not. The district court essentially ruled that the complaint contained only quote-unquote threadbare and conclusory allegations. She did. That was exactly it, but if you read this because your review of this is de novo. This is in effect a complaint that is brought before you and you can decide on your own and you owe her no deference at all as to whether or not this is threadbare. It is, as I said, 17 counts. It reflects that the plaintiff was employed for less than two years. He began, according to the complaint, in August of 2016. He was fired in May of 2018. We filed this suit in state court in May of 2020. Can you tell me or at least articulate to me how you state a claim for 448-1023 when you have to have a violation of a law, rule, or regulation? Sure. What he was complaining about. I don't know if anybody cited and I don't know if I did either, but the Florida Supreme Court case is Gulf Channel versus Jenkins. What Gulf Channel says is to sustain a cause of action under 448-101, you have to object to a policy or practice which violates a law, rule, or regulation. He talks about his objections. What she says is, well, you didn't tell us to whom you objected. This was the absolute first- How is a violation purportedly of FINRA a law, rule, or regulation? It may or may not be depending on the issue that this court might decide, but it doesn't have to decide because we cite in here sections of the SEC Advisors Act, the 10B of the Securities and Exchange Act. We're bound by . . . I mean, I know there is a conflict between Avery and Kearns, obviously. You are. Judge Silberman in Kearns really did an analysis of the statute in question, which obviously Avery did not. Right. Judge Silberman in Kearns articulated you have to have a violation. You can't proceed under a claim if there is no violation. Right. As your Honor . . . You can't prove it after the fact. I mean, there has to be a violation and it has to be statutory in nature, not a private membership organization that does securities law. Sure. As your Honor knows from your service on the Florida Supreme Court, the Florida Supreme Court could not hear Judge Silberman's decision because there was no ruling that went adverse to Mr. Kearns and consequently, the rule that this court has applied is that the rulings of the last court of appeals, if it's the only one, this court is bound by and it is. The only . . . Isn't the possible response to Judge Lagoa's initial question that Florida defines law, rule, or regulation as including statutes, ordinances, or rules or regulations adopted pursuant to statutes . . . Sure. . . . that it uses the word include, which suggests that there is something else that might also be covered? That's section 448.1014 of the definitional section. Your Honor, I think you may be right and the very first time I tried a case in front of you, you pointed out something in a case that no lawyer, all employment lawyers had ever thought of and we decided you were right, so I think you're right on this. Tell me of the claims. You have one claim, right? One count complaint with a number of complaints that were made by Mr. Ludwig that you say resulted in retaliation, termination, etc. Which one do you think is the strongest of those? Well, I'm not sure which is the strongest because I was denied discovery. No, no. In terms of pleading . . . Not what you're going to ultimately be able to prove at a trial. Sure. If you look at the conflict of interest section, which is at page 10 of the Second Amendment complaint, we talk about the SEC rule, which is clearly a law, rule, or regulation. We talk about Rule 10b of the Securities and Exchange Act. We talk about Section 16a of the Exchange Act, SEC rule. We've just got a series of non-FINRA SEC and Securities Act violations that occurred here. So I think those would be clearly laws, rules, or regulations, obviously. The Congress passed them and they authorized the SEC to adopt these rules. So I would say that's where it is. I want you to address this before you sit down. Yes, ma'am. Because you've not raised it. Judge Howard's order focuses on two things, the two elements, protected activity and causation. I want to talk to you about causation. She's got a detailed order on causation as well and says even if it states a claim, you haven't shown any causation because there are no dates in there. You don't have temporal proximity. You don't have any evidence to raise a state of claim on causation. So that's what she says. The only date you give us is necessarily the presidential inaugural tickets because we know that's when that happened. So we have a date on that, but that was in 17, a year and a half before he was terminated. So I don't think that gets you there. What other dates, I didn't see any, do you have in the complaint that would give us some time frame from his termination to whatever happened? Sure. I can. That's in the complaint. Sure. And what I say is that in paragraph seven, that he began his employment in August, 2016. Yes. And you say he continuously objected. I know that's one thing you say, but is there any other date? Yes. The date of his termination, May 18, 2018, which was less than two years later. Okay. So you say that's what helps establish the causation. Let me tell you one other thing. Yes, ma'am. I looked at your blue brief on appeal because she has clearly two independent grounds. I don't see where in your blue brief on appeal you argue about her ruling on causation. Okay. It's a short brief. I don't see a word in there about causation in your initial brief on appeal. And so to me, I'm just speaking for myself, we haven't conferred. It looks like you've abandoned the causation ruling she made very specifically. Your Honor. So when you sit down, you can look at where you think you made that argument in your blue brief because I don't see it. Sure. Challenging her ruling on causation. You with me? Sure. Okay. And our whole position, as we've said in, I think, our last brief. The whole position is, well, he was hired and terminated, and this all happened in between and that establishes enough to say. Temporal proximity is not the only way you prove causation. I agree with that. I don't think your briefs, I mean, I don't think your complaint, I'm speaking for me, shows temporal proximity in terms of what we've talked about. I don't think it is because we don't know, because we've denied discovery, exactly what motivated the employer to terminate Mr. Ludwig. Well, I'm not going to respond. That's one of our issues. You're over your time. It's a denial of discovery. Thank you for answering my question. Sorry. No, it's not a problem. The presiding judge allowed you to do it. Thank you. Thank you very much. Do we have a little extra time on rebuttal? You've saved all of your time for rebuttal. Mr. White. May it please the Court, Tyler White for Apelli DB, USA Corps Corporation. Can we start with the question that Judge Hull asked your friend on the other side here? Did they address causation in their brief? They did not, Your Honor. I think, even though this is de novo review, I think the factual deficiency in the second amendment is so glaring because the appellant doesn't even assert a conclusory allegation in the second amendment complaint that he was terminated either because of his objections to the policy or practices that were violations of the law, rule, or regulation, or as a result of those objections. It is a glaring deficiency, and counsel actually just stated that he doesn't know what motivated the employer. That's kind of an essential, well, it is an essential element of the claim that needs to be pled as Judge Howard pointed out in her order. With respect to the other questions that were, I think you started out with here about pleading an actual violation of a law, rule, or regulation, I think the thrust of this appeal based on what the appellant has actually made at issue here in his brief is really, it's not about whether the plausibility standard on a motion to dismiss as set forth in Ashcroft v. Iqbal is applicable to the second amendment complaint. I think appellant effectively concedes that the Iqbal plausibility standard applies. Now the question that appellant now poses is whether when applying that standard to the allegation set forth in the second amendment complaint, whether he's pled enough facts to state a claim to relief that is plausible on his face. Since you've gone there, the district court used on the first issue, on the plausibility of the claims themselves, not the causation issue that Judge Hall asked Mr. Cornell about, used some language that sort of looks like heightened pleading, who, when, where, how. Those are things that courts require when you plead fraud or something like fraud under Rule 9, but they're not the sort of things you demand under Iqbal and Twombly as a general matter. So tell me why my instinctive reading of the district court's order is incorrect on that first point. Certainly. And Rule 8, you're correct, Your Honor, does require a short and plain statement that the claimant is entitled to relief. And I think the issue is that, you know, for example, appellant cites to Swerkiewicz v. Surema, which was decided before Iqbal in 2002, and that explained that the prima facie case is an evidentiary standard, not a pleading requirement. But Swerkiewicz cannot be read in a vacuum. The district court has also considered whether it satisfies that plausible on its face standard. And how she got there was not about, did he plead enough of different laws, rules, and regulations, and did he plead that those were violated by Deutsche Bank? He's got five separate allegations where he pleads some form of that. The issue is, did he object? Did he object to Deutsche Bank about those policies and practices, and has he articulated enough to suggest? That's not what the district court said, though, on that first point. Here's the quote. Nowhere does Ludwig provide any factual allegations about when he raised any objection, not whether he did, but when, to whom he communicated his objection, not whether he did, but to whom, or how he did so, not whether he did, but how he did so. On that first point, that looks to me very close to being a requirement of heightened pleading. And that gives me some concern. Yes, Your Honor. And in some ways, it ties into the causal connection argument. I agree with that. I agree with that wholeheartedly. But independently, if you're just looking at the plausibility of the complaint, this is only my personal view, I'm not sure you ask those sorts of questions. You ask whether or not there's a plausible claim on the merits, and the who, what, when, where, how questions are not Rule 8 questions, but you've answered the question, so thank you. Thank you, Your Honor. So you know, from our perspective, Apelli doesn't provide sufficient factual allegations to support his claim that he actually objected to Deutsche Bank. Keep in mind, this employee was a vice president of compliance, and so the things that he's listing out could very well be things that he simply observed, or contends that he observed. Of course, Deutsche Bank does not concede any of the facts pled. But the fact that he doesn't state when he raised the objection, to whom he communicated the objection to, and the manner in which he did so, or the substance or the context of any objection, it's critical because those facts, if they're pled, would otherwise assist the court in determining whether it can make any plausible inference that his alleged objections had any causal connection to his employment. He doesn't need discovery to know who he objected to, and when he did it. He should know that. Right. He can allege that, whatever it is. Right, and again, the- He may deny it, but he can allege who he objected to. Right, and the factual, that factual deficiency is, it's even more glaring given the fact that he cannot, at least he does not, even assert that conclusory allegation that he was terminated because of, or as a result of those objections. And the conclusion that might be drawn from the fact that he didn't do that is, because he can't tie the two together. To the extent an appellant would attempt to claim that the temporal proximity alone between his purported objections and his employment termination shows causation, really, as Your Honor, Judge Hull pointed out, other than an allusion to 2016 and his Mike Pence allegations, which would have been a year and a half prior to his termination, he's really failed to capture context surrounding those purported objections. One other point I would like to address, appellant argues that he was unfairly prejudiced because he didn't have the opportunity to conduct discovery. Judge Hull pointed out that there are things that he doesn't need discovery on, like when he allegedly objected, who he objected to, what were the circumstances surrounding that in order to plead them. And in many ways, attempting to say that he needs discovery in order to plead is putting the discovery cart before the pleading horse. And on page four of his response in opposition to the motion to dismiss the amended complaint that's at Dock 51 in the District Court, he actually stated that he was aware of the objections that he made to the appellee. Given that he was aware, more should have been pled and not having discovery from an appellee shouldn't excuse his failure to plead those basic facts surrounding his purported objections and how they causally related to his termination. For these reasons, appellee respectfully requests that this Court affirm the District Court's dismissal of appellate's second amended complaint with prejudice. And if there's no further questions, I'll rest my briefing. All right. Thank you very much. Judge Hull, I think I have a response. Sure. Okay. I think to get to that, you have to understand that we are at the motion to dismiss level one, and that the Court in its order on the magistrate judge's report and recommendation did not specify the lack of pleading as to the issue of causation. It was not there. What was all there was give us laws and regulations that will solve this Kearns-Arey issue. And that we did. We were . . . and there's literally nothing in her order that signifies this. Now the case law has always said . . . I'm looking at her March 22 order, the ultimate order. That's the ultimate order. Yes. Yeah, that's the ultimate order. That's what you're appealing. That's what I'm appealing, but what I'm . . . And I'm saying you say, well, she gave you mixed signals. Before that. Before that. I understand. But we have the ultimate order. Clearly. Clearly it is. And now you're appealing that order. And we . . . That's what you're appealing is the ultimate order. And we couldn't have . . . I don't think we could appeal the first order. Yes, Judge. I understand you couldn't appeal the first order, but in the first order where it was dismissed without prejudice, there was a whole discussion about plaintiff's failure to allege a causal connection between any of the alleged statutorily protected activities in a lawful retaliatory act. So, I mean, you clearly were on notice that that was a deficiency in the complaint. But were we on notice that she was contemplating dismissing this case with prejudice? I don't think so. When we get to dismissals at the motion to dismiss level . . . When you have a dismissal without prejudice so that you can amend the complaint, you're sort of on notice that if you don't comply with the judge's instructions in its order as to how you should cure your complaint, that there could be a potential issue there. Keep in mind, however, that the report and recommendation of the magistrate judge was that this case should go forward. I'm talking about the first report and recommendation to dismiss the amended complaint. There wasn't this issue. This is something that . . . If the court is sitting de novo, the court has the power to say, go back to the district court, amend for a third amended complaint. By the way, how we got to a second amended complaint is kind of complex because of the order of transfer from Judge Demetrio-Leyes. It's really, in effect, one more amendment. This court, in its de novo review, can do that. I think that it should just because the court has the power, the district court has the power to dismiss something that's clearly plausible on its face on a one or two sentence allegation that's not . . . Judge Hull says it's not there clearly. It should go back with instructions to order the plaintiff, in this case, to submit a final amended complaint. In that case, we could probably even deal with these heightened pleading issues that we've talked about here today. Unless the court has further questions, I'll rest on our briefs and our argument. Thank you all very much. All right. Thank you both very much.